(R.D. 11228)

ALINTEX, INC. *v.* UNITED STATES

Entry No. 18753, etc.

(Decided October 18, 1966)

*W. E. Doherty* for the plaintiff.
*J. William Doolittle,* Acting Assistant Attorney General, for the defendant.

NICHOLS, Judge: The appeals for reappraisement listed in schedule "A," attached hereto and made a part hereof, are before me on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General, counsel for the defendant, subject to the approval of the Court, that the merchandise in the appeals listed on Schedule "A" attached hereto and made a part hereof, consists of acrylic fibers, and that the same is included in the final list of articles designated by the Secretary of the Treasury in T. D. 54521, as provided for in § 6(a) of the Customs Simplification Act of 1956, Public Law 972, 84th Congress.

IT IS FURTHER STIPULATED AND AGREED that such or similar merchandise during the periods of exportation referred to herein was not freely sold or offered for sale in the Country of exportation either for home consumption or for exportation to the United States; and that said merchandise was appraised under § 402(a)(e) of the Tariff Act of 1930, as amended, on the basis of United States value, which basis of appraisement is not in dispute.

IT IS FURTHER STIPULATED AND AGREED that the United States value found by the Appraiser in the entries covered by the appeals listed on Schedule "A" attached hereto was $.6186 per pound, net packed.

IT IS FURTHER STIPULATED AND AGREED that on the various dates of exportation of the within merchandise, such or similar merchandise was freely sold or offered for sale for domestic consumption, packed ready for delivery, in the principal markets of the United States to all purchasers, in the usual wholesale quantities and in the ordinary course of trade, with allowances for duty, cost of transportation and insurance, necessary expenses from the place of shipment to the place of delivery, profits not exceeding 8 per centum and general expenses not exceeding 8 per centum, in accordance with the values set forth on Schedule "B" attached hereto.

IT IS FURTHER STIPULATED AND AGREED that said appeals may be submitted for decision on the within stipulation, and on

the invoices and entries and other official papers relating to the entries and appraisements covered by these appeals.

On the agreed facts, I find and hold that United States value, as that value is defined in section 402a(e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the respective values of the merchandise involved herein and that such values are the respective values listed in schedule "B," attached hereto and made a part hereof, during the respective periods of exportation noted thereon.

Judgment will be rendered accordingly.